Carole F. Brown v. Commissioner.
Brown v. Commissioner
Docket No. 4845-70 SC.
United States Tax Court
T.C. Memo 1972-47; 1972 Tax Ct. Memo LEXIS 211; 31 T.C.M. (CCH) 194; T.C.M. (RIA) 72047; February 23, 1972, Filed Carole F. Brown, pro se, 1431 S. Wolf Road, Apt. 338, Wheeling, Ill. Lloyd S. Kamps, for the respondent. CALDWELL
Memorandum Findings of Fact and Opinion CALDWELL, Commissioner: Respondent determined a deficiency in petitioner's income tax for 1967 in the amount of $309.12. The issues for decision are: (1) Whether petitioner must include in her gross income for the year 1967 all payments received by her pursuant to a temporary order for temporary alimony and child support where no specific allocation of an amount for child support was made in the order; (2) whether petitioner may compute *212 her income tax for 1967 using the head of household rates (section 1(b) of the 1954 Code), where an interlocutory judgment entered in 1967 in her divorce action did not become final until November 3, 1968; and (3) whether petitioner is entitled to a deduction for child care expenses under section 214 of the Code in the circumstances set forth in issue (2). Findings of Fact Some of the facts were stipulated. The stipulation of facts, together with the exhibits identified therein and attached thereto, is incorporated herein by reference. At the time of filing the petition in this case petitioner resided in Wheeling, Illinois. Her return for the year involved was filed with the district director of internal revenue at Milwaukee, Wisconsin. As of January 1, 1967, petitioner was married to Thomas Louis Minneti (hereinafter called "Minneti"), and she was known as Carole Frances Minneti. Petitioner and Minneti separated toward the end of January or the beginning of February 1967, he going to live with his parents in Racine, Wisconsin, and she and their two minor children remaining in the house which the family had been occupying in the same city. During March 1967, petitioner *213 filed an action for divorce from the bonds of matrimony from Minneti in the County Court for Racine County, Wisconsin. At the time of filing the divorce action, petitioner and Minneti had two minor children: Michelle (aged 4) and Ryan (aged 1). On March 27, 1967, the County Court issued a temporary order which included a provision for temporary alimony and child support for petitioner and her children as follows: SECOND: That during the pendency of this action and until further order of the Court, the Defendant is hereby required to pay to the Clerk of County Court Branch #3, for Racine County, Wisconsin, the sum of $55.00 per week to commence March 24, 1967 and to be paid on the Friday of each week thereafter, representing temporary alimony and support for the Plaintiff and the minor children of the parties; Minneti paid $1650 pursuant to the foregoing order. Petitioner included only $825 of said amount as alimony income on her 1967 return. The respondetn determined that the full amount was taxable, and he included the remaining $825 in petitioner's income in his statutory notice of deficiency. On November 3, 1967, the County Court entered its judgment, and awarded petitioner *214 a divorce from the bonds of matrimony from Minneti. Included among the provisions of the judgment was the following: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this judgment shall not be effective so far as it effects [sic] the marital status of the parties until the expiration of one (1) year from the date it was granted, except that it shall immediately bar the parties from cohabitation together, and except that it may be reviewed on appeal during said period. * * * From and after the time that petitioner and Minneti were separated, petitioner was employed at a full-time job with the Retail Credit Bureau in Racine. During 1967 she paid $1121 as child care expenses, to persons to care for her children while she worked. On or befoe April 15, 1968, petitioner filed a United States Individual Income 196 Tax Return, as a married person filing separately, for the year 1967. Thereon she claimed a deduction for child care expenses in the amount of $900 (the full amount permitted as a deduction by section 214(b)(1) (B)), which the respondent disallowed in his notice of deficiency. Petitioner, in her petition and at the trial, claimed that she should be permitted to use the *215 head of household rates, provided in section 1(b). On March 21, 1970, petitioner married Jim Brown and her name became Carole F. Brown, the name in which she filed the petition in this case. Opinion Under the first issue, we must decide whether petitioner should have reported the full amount of $1650, which her former husband (Minneti) paid her in 1967 pursuant to the temporary order for temporary alimony and child support. At the trail, petitioner (who is representing herself) indicated that she was prepared to abandon this issue, recognizing that "unless there is a specific breakdown as to what part is child care and what part is alimony, it is all considered alimony." The Court declined to accept petitioner's concession, stating that it would examine the temporary order after the trial to see if the requisite "breakdown" appeared therein. We have now examined the order and the critical portion has been set out in our Findings of Fact. It is clear from the terms of the order that the amount of Minneti's payments allocable to child support has not been fixed in terms of dollar amount or percentage of the payments. Accordingly, following the Supreme Court's opinion in , *216 the respondent's determination must be sustained. The second issue presents the question whether petitioner was entitled to use the head of household rates for 1967. Of course, a prerequisite to petitioner's entitlement is that she be a "head of household," as that term is used in the statute. Section 2(b(1) defines a "head of household," in here material part, saying: For purposes of this subtitle, an individual shall be considered a head of a household if, and only if such individual is not married at the close of his taxable year * * * Harkening back to the provision of the Court's judgment entered on November 3, 1967, awarding petitioner a divorce from Minneti e8set out in our Findings of Fact), the terms thereof make it plain that it was interlocutory only, viz, it "shall not be effective insofar as it effects the marital status of the parties until the expiration of one (1) year from the date it was , the Wisconsin Supreme Court held that parties, during that one year period, are "in contemplation of law still married." Hence, it was that on December 31, 1967, petitioner was in contemplation of Wisconsin law, still married to Minneti, and because *217 of that status she was not entitled to use head of household rates for 1967. See and compare . The third and final issue relates to the deductibility of child care expenses by petitioner for 1967. At the trial, petitioner substantiated payment of the expenses, to the entire satisfaction of the Court. Our question is thus narrowed to whether the law permits them to be deducted. Section 214(a) of the Code grants to a working mother (such as petitioner) a deduction for expenses of having her children cared for while she is working, with certain qualifications. Subsection (b)(2)(A) provides that in the case of a woman who is married, the deduction shall not be allowed unless the taxpayer and her spouse file a joint return for the taxable year. And then, in subsection (d)(5), it is further provided: (5) Determination of Status. - A woman shall not be considered as married if - (A) she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year, or (B) she has been deserted by her spouse, does not know his whereabouts (and has not known his whereabouts at any time during *218 the taxable year), and has applied to a court of competent jurisdiction for appropriate process to compel him to pay support or otherwise to comply with the law or a judicial order, as determined under regulations prescribed by the Secretary or his delegate. Petitioner did not file a joint return with Minneti for 1967. Consequently, we are once again faced with the question of whether petitioner and Minneti were married at December 31, 1967. Under issue (2), we have held that they were. However, that is not the end of the matter, for if petitioner can establish that she should "not 197 be considered as married" under section 214(d)(5), she could still prevail. Petitioner cannot avail herself of subparagraph (B) of section 214(d)(5), because she had not been deserted by Minneti, and she testified that at all times in 1967 she knew his whereabouts. We turn then finally to see if petitioner can be brought within subparagraph (A). However, established precedent precludes such treatment. In , we held that where the taxpayer had obtained an interlocutory decree of divorce, he would not be regarded as "legally separated under a decree of divorce" *219 during the year pending finality, and hence that he could not use the head of household rates. We do not regard the provision of petitioner's divorce judgment banning cohabitation during the year following entry of said judgment as a sufficient reason for not following the Johnson case, where the decree apparently did not contain such language. The respondent is sustained on this issue, and we hold that petitioner is not entitled to deduct child care expenses for 1967. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.